## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## SAN ANGELO DIVISION

|                          |   |                          |
|--------------------------|---|--------------------------|
|                          | § |                          |
| **WALTER ALLGOOD,**      | § |                          |
|                          | § |                          |
| **Plaintiff,**           | § |                          |
|                          | § |                          |
| **vs.**                  | § | **Civil Action No. 6:08-CV-038-C** |
|                          | § | **ECF**                  |
|                          | § |                          |
| **MICHAEL J. ASTRUE,**   | § |                          |
| **Commissioner of Social Security,** | § |              |
|                          | § | **Assigned to United States** |
| **Defendant.**           | § | **Magistrate Judge**     |

### MEMORANDUM OPINION AND ORDER

**THIS CASE** is before the court upon Plaintiff's complaint filed July 2, 2008, for judicial review of the administrative decision of the Commissioner of Social Security denying Plaintiff's applications for disability insurance benefits and for supplemental security income ("SSI") benefits under Title II and Title XVI of the Social Security Act. Plaintiff filed a brief in support of his complaint on November 19, 2008, and Defendant filed a brief on December 18, 2008. The parties consented to having the United States magistrate judge conduct all further proceedings in this case on July 21, 2008 (Doc. 6), and October 15, 2008 (Doc.21). This court has considered the pleadings, the briefs, and the administrative record and finds that the Commissioner's decision should be reversed and that this case should be remanded for further administrative proceedings.

### I.    STATEMENT OF THE CASE

Plaintiff filed applications for disability insurance benefits and for SSI benefits on January 5, 2006, with a protective filing date of December 15, 2005, for the SSI application, alleging disability beginning December 2, 2005. Tr. 9-10, 102-09. Plaintiff's applications were denied initially and

upon reconsideration.  Tr. 9, 43-48, 56-59.  Plaintiff filed a Request for Hearing by Administrative Law Judge on June 29, 2006, and this case came for hearing before the Administrative Law Judge ("ALJ") on July 26, 2007.  Tr. 9, 16-36, 60-61.  Plaintiff, represented by an attorney, testified in his own behalf.  Tr. 20-26.  John Simonds, a medical expert ("ME"), and Michael Driscoll, a vocational expert ("VE"), appeared and testified as well.  Tr. 26-35.  The ALJ issued a decision unfavorable to Plaintiff on December 27, 2007.  Tr. 6-15.

In his opinion the ALJ noted that the specific issue was whether Plaintiff was under a disability within the meaning of the Social Security Act.  He found that Plaintiff met the disability insured status requirements on December 2, 2005, through September 30, 2007, and Plaintiff had not engaged in substantial gainful activity at any time since December 2, 2005.  Tr. 10.  Plaintiff has "severe" impairments, including hypertension, obesity, and cardiomyopathy.  Tr. 11.  Plaintiff's severe impairments, singularly or in combination, were not severe enough to meet or equal in severity any impairment listed in the Listing of Impairments, 20 C.F.R. Part 404, Subpt. P, App. 1. *Id*.  Therefore, the ALJ was required to determine whether Plaintiff retained the residual functional capacity ("RFC") to perform his past relevant work or other work existing in the national economy.

The ALJ acknowledged that in making the RFC assessment, he must consider all symptoms, including pain, and the extent to which these symptoms can be reasonably accepted as consistent with the objective medical evidence and other evidence, based on the requirements of Social Security Ruling 96-7p.  Tr. 13.

The ALJ found that based on the evidence in the record, Plaintiff's statements concerning his impairments and their impact on his ability to work were not entirely credible.  *Id*.

The ALJ found that Plaintiff could not return to his past relevant work as an automobile body repairer, truck driver, equipment painter, or concrete worker.  Tr. 14.  He noted that Plaintiff was considered a "younger individual" with a limited education.  20 C.F.R. §§ 416.963, 416.964; Tr. 14.

The ALJ found that Plaintiff retained the RFC to perform, on a continuing and sustained basis, the requirements of sedentary work activity, limited to jobs that do not require more than occasional stooping, balancing, or crouching; that do not require climbing, crawling, or kneeling; that do not require working at unguarded heights or near unguarded hazardous mechanical equipment; and that do not require exposure to extreme temperatures and high humidity.  Tr. 12. Having found that Plaintiff could not perform the full range of sedentary work, the ALJ turned to the testimony of the VE in determining whether Plaintiff was capable of making a vocational adjustment to other work despite his severe impairments.  Tr. 15.  He relied upon the testimony of the VE who indicated that a hypothetical person of Plaintiff's age, with Plaintiff's RFC and vocational history, could perform work which exists in significant numbers in the national economy, including the jobs of bench assembler, with 203,000 jobs nationally; and document preparer, with 117,000 jobs nationally.  *Id*.  The ALJ, therefore, concluded that Plaintiff was not disabled within the meaning of the Social Security Act at any time through the date of his decision.  *Id*.

Plaintiff submitted a Request for Review of Hearing Decision/Order on January 30, 2008. Tr. 37-38.  The Appeals Council denied Plaintiff's request and issued its opinion on April 18, 2008, indicating that although it had considered the contentions raised in Plaintiff's Request for Review, it nevertheless concluded that there was no basis for changing the ALJ's decision.  Tr. 2-5.  The ALJ's decision, therefore, became the final decision of the Commissioner.

On July 2, 2008, Plaintiff commenced this action which seeks judicial review of the Commissioner's decision that Plaintiff was not disabled.

## II.    STANDARD OF REVIEW

An applicant may obtain a review of the final decision of the Commissioner by a United States District Court. 42 U.S.C. § 405(g).  The court's review of a denial of disability benefits is limited to determining whether the decision is supported by substantial evidence and whether the

Commissioner applied the proper legal standards. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002) (citing *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000)). Substantial evidence "is more than a mere scintilla and less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002).  The court will not re-weigh the evidence, try the questions *de novo*, or substitute its judgment for the Commissioner's, even if the court believes that the evidence weighs against the Commissioner's decision. *Masterson,* 309 F.3d at 272. "[C]onflicts in the evidence are for the Commissioner and not the courts to resolve." *Id.* (quoting *Newton v. Apfel,* 209 F.3d 448, 452 (5th Cir. 2000)).

 In order to qualify for disability insurance benefits or SSI, a claimant has the burden of proving that he or she has a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity.  Substantial gainful activity is defined as work activity involving significant physical or mental abilities for pay or profit. *Newton,* 209 F.3d at 452; *see* 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1527(a)(1).

The Commissioner follows a five-step process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. § 404.1520; *Masterson*, 309 F.3d at 271; *Newton*, 209 F.3d at 453.  In this case the ALJ found at step 5 that Plaintiff was not disabled because he retained the ability to perform work in the national economy.  Tr. 15.

### III.   DISCUSSION

Plaintiff claims that the ALJ's determination of Plaintiff's RFC is not supported by substantial evidence because the ALJ failed to properly analyze Plaintiff's treating physicians' opinions.   The ultimate issue is whether the ALJ's decision is supported by substantial evidence. The court, therefore, must review the record to determine whether it "yields such evidence as would

allow a reasonable mind to accept the conclusion reached by the ALJ." *Loza v. Apfel,* 219 F.3d 378, 393 (5th Cir. 2000).

The opinion of a treating physician who is familiar with the claimant's impairments, treatments, and responses should be accorded great weight in determining disability. A treating physician's opinion on the nature and severity of a patient's impairment will be given controlling weight if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(d)(2). On the other hand, "[g]ood cause may permit an ALJ to discount the weight of a treating physician relative to other experts where the treating physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence." *Newton*, 209 F.3d at 456.

Unless the Commissioner gives a treating source's opinion controlling weight, the Commissioner will consider six factors in deciding the weight to give to any medical opinion. 20 C.F.R. § 404.1527(d). The Fifth Circuit held in *Newton* that "an ALJ is required to consider each of the [six] factors before declining to give any weight to the opinions of the claimant's treating specialist." 209 F.3d at 456.[1] Pursuant to Soc. Sec. Ruling 96-2p (July 2, 1996) ("SSR 96-2p"), and 20 CFR §§ 404.1527(a) and 416.927(a), "medical opinions" are opinions about the nature and severity of an individual's impairment(s) and are the only opinions that may be entitled to controlling weight. The requirement that the ALJ discuss the six factors set forth in *Newton* and 20 C.F.R. § 404.1527(d) applies only to medical opinions and does not apply to conclusory statements

---

[1]     In unpublished decisions the Fifth Circuit has noted that the ALJ need not consider these six factors when there is competing first-hand medical evidence and where the ALJ finds that one doctor's opinion is more well-supported than that of another treating or examining physician. *See, e.g., Ward v. Barnhart*, 192 Fed. Appx. 305, 308 (5th Cir. 2006); *Walker v. Barnhart*, 158 Fed. Appx. 534 (5th Cir. 2005).

that a claimant is disabled. *Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003). The opinion of

a treating source is generally given more weight than a non-examining source. 20 C.F.R.

§ 404.1527(d)(1).

A "medical advisor" is a neutral consultant who, at the request of the Social Security

Administration, reviews a claimant's medical records, explains or clarifies information reflected

therein, and expresses expert opinions as to the nature and severity of impairments and whether such

impairments equal the criteria of any impairment in the Listing of Impairments. 20 C.F.R.

§§ 404.1527(f)(2)(iii), 416.912(b)(6), and 416.927(f)(2)(iii). When a medical professional functions

as an expert witness in the course of an evidentiary hearing before an ALJ, Social Security Ruling

96-6p designates the medical professional as a "medical expert." Social Security Ruling 96-6p

(July 2, 1996) ("SR 96-6p"). An ALJ may rely upon testimony of a medical adviser when

evaluating the nature and extent of a claimant's impairments. *Richardson v. Perales,* 402 U.S. 389,

408 (1971). *See Masterson,* 309 F.3d at 270 (relying in part on the testimony of an ME in

determining the limitations imposed by the claimant's impairment); *Leggett v. Chater,* 67 F.3d 558,

565 (5th Cir. 1995) (relied in part upon the testimony of an ME ). The ALJ did not err in

considering the opinions of the non-examining ME in formulating his RFC assessment. However,

the Plaintiff argues that the ALJ did err in relying upon the opinion of the ME while inappropriately

discounting or rejecting the opinions of the treating providers while failing to discuss the six factors

set forth in *Newton* and 20 C.F.R. § 404.1527(d).

Good cause to disregard the opinions of a treating physician is found where such opinions

"are brief and conclusory, not supported by medically acceptable clinical laboratory diagnostic

techniques, or otherwise unsupported by the evidence." *Myers v. Apfel*, 238 F.3d 617, 621 (5th Cir.

2001). SSR 96-2p provides that a medical source statement from a treating source which is well-

supported by medically acceptable evidence and which is not inconsistent with other substantial evidence in the record is entitled to controlling weight. *See* SSR 96-2p. This ruling further explains:

> It is an error to give an opinion controlling weight simply because it is the opinion of a treating source if it is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or if it is inconsistent with the other substantial evidence in the case record.

*Id.* The ALJ may also reject a treating physician's opinion if he finds, with support in the record, that the physician is not credible and is "leaning over backwards to support the application for disability benefits." *Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir. 1985) (citing *Whitney v. Schweiker*, 695 F.2d 784, 789 (7th Cir. 1982)).

In *Myers* the Commissioner's decision was reversed and remanded where the ALJ had "summarily rejected the opinions of [the claimant's] treating physician, based only on the testimony of a non-specialty medical expert who had not examined the claimant." 238 F.3d at 621. In *Leggett* the Fifth Circuit found that the ALJ had good cause to give little weight to the opinion of a treating physician which was not consistent with other opinions of treating physicians, the objective medical evidence, and the claimant's claims regarding his physical abilities. 67 F.3d at 566.

In this case the ALJ indicated that his finding was supported by the testimony of Dr. Simonds, the ME, who indicated that there were some conflicting findings and that the opinion of Dr. Robert S. Leverton, one of Plaintiff's treating physicians, was not well supported without further testing. Dr. Simonds also indicated that Dr. Leverton may not have been aware of testing performed in August 2006 showing a negative stress test, no cardiac ischemia, no prior myocardial infarction, normal left ventricular function, an ejection fraction of 50%, and no chest pain related to angina. Tr. 12-13. The ALJ found that Dr. Leverton's opinion was not well supported and thus accorded it very little weight. Tr. 13.

"The ALJ as factfinder has the sole responsibility for weighing the evidence and may choose whichever physician's diagnosis is  most supported by the record." *Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991) (citing *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987)).  However, Dr. Leverton's opinion was consistent with his progress notes indicating that Plaintiff should not paint, that he was permanently disabled, and that he experienced shortness of breath and other symptoms. Tr. 270-72.  Plaintiff's other treating physician, Dr. Narendra L. Nigale, also indicated that Plaintiff was permanently disabled, had very minimal exercise tolerance and ongoing shortness of breath, and that the judgment call of whether Plaintiff should work would be left to Dr. Leverton.  Tr. 278-80. The ALJ's opinion indicates that he relied on Dr. Simonds's evaluation of Dr. Leverton's opinion. In this case the ALJ rejected the opinion of a treating physician in favor of a non-examining ME. Rather than determining whether Dr. Leverton was indeed aware of the testing to which Dr. Simonds refers, the ALJ relied upon Dr. Simonds's opinion in discounting the opinion of the treating physician.  In so doing the ALJ failed to make the analysis required under *Newton*, and 20 C.F.R. § 404.1527(d)

The ALJ's failure to appropriately weigh the opinions of the treating physicians regarding the limitations imposed by Plaintiff's impairments constitutes error.  The ALJ's opinion is not supported by substantial evidence.  Therefore, this case should be reversed and remanded to the Commissioner for further administrative action.

## IV.  CONCLUSION

Based upon the foregoing discussion of the issues, the evidence, and the law, the court finds that the Commissioner's decision should be reversed and that this case should be remanded for further proceedings.

**IT IS, THEREFORE, ORDERED** that the decision of the Commissioner denying Plaintiff's application for disability and SSI benefits is **REVERSED**.

**IT IS FURTHER ORDERED** that this case is **REMANDED**.  Upon remand the ALJ should further weigh and consider the opinions of Plaintiff's treating physicians regarding the limitations imposed by Plaintiff's impairments.

A judgment in accordance with this decision shall be entered.

**SO ORDERED.**

DATED this 24th day of September, 2009.

**PHILIP R. LANE**
**UNITED STATES MAGISTRATE JUDGE**